UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELVIN L. BAILEY, JR., | Case No. 3:20-cv-00651-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| BROOKS, *et al.*, | |
| Defendants. | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 5, 7.) Plaintiff also has filed an emergency motion,[1] a motion for appointment of counsel, and a motion for judgment on the pleadings.[2] (ECF Nos. 1-1, 6, 8.) Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 5.) Based on the information he provided regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A and addresses Plaintiff's motion for appointment of counsel.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity, or officer or employee of

---

[1]Plaintiff's emergency motion is for an order permitting Plaintiff to witness the e-filing of his complaint, motion for appointment of counsel, and application to proceed *in forma pauperis*. Those documents clearly have been filed with the Court, and the motion is therefore moot—and is denied.

[2]Plaintiff's motion for judgment on the pleadings (ECF No. 8) will be denied as moot.

a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th

Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants. He sues Parole and Probation Officer Brooks for events that allegedly took place in 2020 while he was incarcerated by the NDOC. (ECF No. 7 at 1-2.) In addition, he sues Justice of the Peace E. Dannen, Assistant District Attorney Egan Walker, Washoe County District Court Judge Connie Steinheimer, and Assistant District Attorney Joseph Plater for actions they allegedly took

as judges and prosecutors in 1997.[3] (*Id.* at 1-3.) Plaintiff brings three claims and seeks damages and injunctive relief in the form of an order that his friends be allowed to pay for him to be released on parole to a motel or immediate discharge from state custody. (*Id.* at 6, 9).

The Complaint alleges that, on February 26, 2020, Plaintiff was granted parole. (*Id.* at 3.)

Claim 1 of the Complaint alleges the following. Plaintiff sought to be released to his mother's address in Virginia. (*Id.* at 3, 4.) Plaintiff was informed on June 24, 2020 that his mother's address "had been denied 'per PnP'" and that Plaintiff needed to submit a new address. (*Id.* at 4.) On June 25, 2020, Plaintiff's mother called Virginia parole authorities and asked why the "address had been denied," and she was told that they had never heard of Plaintiff. (*Id.*) Defendant Brooks told Plaintiff that his mother's address would be re-submitted. (*Id.*) Then her address was denied again because she had

---

[3]Even if Plaintiff's claims against these judges and assistant district attorneys were not barred by *Nettles v. Grounds*, 830 F.3d 922, 927-28 (9th Cir. 2016), *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), as discussed below, the § 1983 claims still would be barred. As a general rule, judicial immunity bars claims against a state court judge for actions related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (judges are also absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts). State prosecutors also are entitled to absolute prosecutorial immunity for acts taken in their capacities as prosecutors. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and prosecuting cases).

Furthermore, Plaintiff alleges that the violations by these Defendants took place in 1997, but he filed his complaint in this action in 2021. Nevada's personal injury statute of limitations, which applies to his § 1983 action, is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing NRS § 11.190(4)(c), (e) and recognizing that a plaintiff has two years after the defendant's conduct in which to file his § 1983 complaint against the defendant); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits because § 1983 contains no specific statute of limitations).

purportedly told Virginia authorities that she could not support Plaintiff. (*Id.*) Plaintiff's mother has said that this is not true. (*Id.*) Plaintiff and his mother both were told that family and friends could not pay for "motel release." (*Id.*) "It is well known that is not true." (*Id.*) Defendant "Brooks, et al."[4] never intended for Plaintiff to be transferred to Virginia for parole. (*Id.*) "In light of the current racial justice movement, they wish to make it difficult for me to expose the unlawful nature of my condition."[5] (*Id.*) Plaintiff alleges that this alleged conduct violated his state[6] and federal constitutional rights. (*Id.*)

In Claims 2 and 3, Plaintiff alleges that he currently is in prison due to being wrongfully imprisoned as a result of the wrongful actions in 1997 of Defendants Dannen, Walker, Steinheimer, and Plater, who allegedly were judges and prosecutors. (*Id.* at 5, 6.) He alleges that this was a violation of his state[7] and federal constitutional rights. (*Id.*)

Thus, the Complaint seeks Plaintiff's release from prison and the claims are based on allegations that Plaintiff is currently improperly imprisoned.

However, a person may not obtain release from custody through a § 1983 action and must instead pursue release through a habeas petition. *See Nettles v. Grounds*, 830

---

[4] It is not clear to the Court who Plaintiff is referring to other than Defendant Brooks.

[5] Plaintiff's reference to the "unlawful nature" of his condition appears to be a reference to the allegations in Claims 2 and 3 that Plaintiff was wrongfully convicted and imprisoned. (ECF No. 7 at 5-6).

[6] Plaintiff does not identify which parts of the state constitution were violated. Even if he did, he would not state a colorable § 1983 because, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the United States Constitution or laws of the United States was violated. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Although this Court does not generally have original jurisdiction over state law claims involving only residents of Nevada, under some circumstances it may exercise supplemental jurisdiction over a plaintiff's state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(a). Because the Court is dismissing the federal claim, it will not exercise jurisdiction over the state law claims. Plaintiff must pursue any state constitutional claims in state court.

[7] Plaintiff once again does not identify any state constitutional provision. In any event, for the same reasons discussed in connection with Claim 1, Plaintiff does not state a § 1983 claim based on alleged violations of state law and the Court will not exercise jurisdiction over any state law claims that Plaintiff is pursuing in this case.

F.3d 922, 927-28 (9th Cir. 2016). Therefore, Plaintiff may not obtain release from prison in this § 1983 action.

Furthermore, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of *the fact or duration* of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the period of confinement already has been invalidated. *See id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff's claims are challenging both the fact of his confinement and the duration of his confinement. Furthermore, it is apparent from the Complaint that neither his conviction nor the duration of his confinement has been invalidated. Plaintiff is still in prison despite his claims that he was wrongfully convicted and that he should have been released following his grant of parole. Plaintiff's federal constitutional claims in this action therefore are barred, and the Court may not consider them.

Accordingly, the Court dismisses the entire action without leave to amend. If Plaintiff wishes to pursue the claims he brought in this action, he must do so in in the proper case and court.[8]

///

///

---

[8]The Court expresses no opinion regarding the merits of any such claims.

### III.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 6). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel as the Court is dismissing this action and Plaintiff has no likelihood of success. Furthermore, the motion for appointment of counsel is now moot. Therefore, the Court denies the motion for appointment of counsel.

### IV.  CONCLUSION

It is therefore ordered that the Clerk of the Court file the Complaint (ECF No. 7).

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the NDOC will forward payments from the account of Melvin L. Bailey, Jr., 54518, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has

been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court will also send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA.

It is further ordered that the entire complaint (ECF No. 7) is dismissed without leave to amend.

It is further ordered that the motion for appointment of counsel (ECF No. 6), the emergency motion (ECF No. 1-1), and the motion for judgment on the pleadings (ECF No. 8) are denied.

The Clerk of Court is directed to enter judgment accordingly and close this case. No further documents may be filed in this closed case.

DATED THIS 2nd Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE